Avi Burkwitz, Esq., Bar No.: 217225
Taline Markarian, Esq., Bar No. 328832
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendants,
COUNTY OF LOS ANGELES (erroneously sued as County of Los Angeles by and through DEPARTMENT OF CHILDREN AND FAMILY SERVICES)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF YAELI MOZZELLE GALDAMEZ aka "ANDREW GALDAMEZ/ANDREW ELIJAH MARTINEZ" and SILVIA ABIGAIL MARTINEZ, an Individual<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, by and through DEPARTMENT OF CHILDREN AND FAMILY SERVICES; POMONA VALLEY HOSPITAL; DR. KALPESH BHAVAR, M.D.'DR. ALEXANDER NGYUGEN, D.O.; KENNETH BOULDIN, MSW, MEEKA BAGAI, MSW, BESY HENRIQUEZ and ANGLICA SVEDAS; UNION PACIFIC RAILROAD; METROPOLITAN TRANSPORTATION AUTHORITY; and DOES 1 to 200 Inclusive<br><br>Defendants. | Case No.: 2:21-cv-5971<br><br>**NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 USC §§ 1441(a) and 1446(a)-(b), BY DEFENDANT COUNTY OF LOS ANGELES**<br><br>Complaint Filed: 09/04/2020 |

TO THE UNITED STATES DISTRICT COURT AND PLAINTIFF THROUGH HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant County of Los Angeles ("County"), hereby removes this action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California. The removal is made pursuant to 28 USC §§ 1441 and 1446 and is based

on the following:

## I. REMOVAL AND VENUE ARE PROPER

This civil action appears to arise from alleged wrongdoing in connection with an underlying juvenile dependency proceeding in Los Angeles County involving Plaintiffs, Yaeli Mozzelle Galdamez aka "Andrew Galdamez/Andrew Elijah Martinez" & Silvia Abigail Martinez (collectively referred to as "Plaintiffs") and several named Defendants. Of import, Plaintiffs allege various claims and/or violations of state and federal law, warranting removal of this Action to Federal Court.

Specifically, Plaintiffs' Complaint sets forth the following nine (9) causes of action: 1) Negligence (Wrongful Death); 2) Failure to Protect; 3) Medical Malpractice; 4) Negligence Against The County of Los Angeles Department of Children and Family Services; 5) Negligence Against Union Pacific Railroad; 6) Negligence against Metropolitan Transit Authority; 7) Loss of Consortium; 8) Negligent Supervision, Training, Hiring and Supervision; and 9) Monell-Related Claims. (See Declaration of Avi Burkwitz, Esq., in Support of Defendant's Removal ("Burkwitz Decl."), ¶2, **Exhibit A**, a true and correct copy of Plaintiffs' Complaint filed in the State Court on September 4, 2020). As the 9th Cause of Action expressly invokes federal law (an alleged violation of 42 U.S.C. Section 1983) against this removing Defendant, this Court has original jurisdiction over Plaintiffs' claims and removal of this action is proper.

## II. PROCEDURAL POSTURE

On September 4, 2020, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, entitled *The Estate Of Yaeli Mozzelle Galdamez, et al. vs County of Los Angeles, by and through Department Of Children And Family Services, et al.*, California Superior Court for the County of Los Angeles Case No. 20STCV33881. (Burkwitz Decl. ¶2.) The County was served on June 24, 2021. (Burkwitz Decl. ¶3.) Upon information and belief, Defendants Dr.

Kalpesh Bhavar, M.D.; Dr. Alexander Nguyen, D.O.; Kenneth Bouldin, MSW, Meeka Bagai, MSW, Besy Henriquez and Anglica Svedas; Union Pacific Railroad; and Metropolitan Transportation Authority, have not been served, and County does not know if and who will represent these entities/persons. (Id.) On July 21, 2021, Defendant County of Los Angeles learned that Pomona Valley Hospital had been served and reached out for consent to removal. A true and correct copy of the email exchange is attached to Burkwitz Decl. ¶6 as **Exhibit C** Accordingly, the County believes that it and Pomona Valley Hospital are the only Defendants that have been served in this action and both consent to the removal of this matter to Federal Court.

Under 28 USC § 1446(b), a defendant has thirty (30) days to remove an action once defendant has been served with a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Here, removal is timely as it is sought within thirty (30) days of June 24, 2021, the date the County was served. (Burkwitz Decl., ¶4.) A true and correct copy of the State Court Docket is attached to the Burkwitz Decl. ¶5 as **Exhibit B**.

### III. THE QUESTION OF FEDERAL JURISDICTION

A case may be removed from state to federal court if the action could have been originally commenced in federal court. 28 U SC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by reference to the Plaintiff's complaint filed in state court. *La Chemise Lacoste v. Alligator Co.*, 506 F2d 339, 343-344 (3d Cir. 1974). When the complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. (Id.) Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 USC § 1981. See, 28 USC § 1343(a)(3). Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions. See, 28 USC § 1331.

Here, the 9th cause of action of Plaintiff's complaint for "Monell violations"

invokes a federal question, as it involves a claim under federal law (42 U.S.C. Section 1983) and claims against this removing Defendant: As Plaintiffs have invoked federal law as the basis for one of their claims, this Court has original jurisdiction over Plaintiffs' action and removal is proper. See, 28 USC § 1331. The Court also has supplemental jurisdiction over all of Plaintiff's state law claims/causes of action set forth in the Complaint as they arise from the same common nucleus of operative facts as Plaintiffs' Federal Claims. 28 U.S. Code § 1367. Accordingly, this Court has jurisdiction over the entirety of Plaintiffs' action and this removal is proper.

## IV. NOTICE TO THE COURT AND PARTIES

Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned will give written notice of such filing to Plaintiff and a copy of the Notice of Removal will be filed with the Clerk of the Court for the California Superior Court of the County of Los Angeles, California. (Burkwitz Decl., ¶7.)

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

DATED: July 23, 2021          **PETERSON · BRADFORD · BURKWITZ**

By: /s/ Avi Burkwitz
Avi Burkwitz, Esq.
Taline Markarian, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES, by and through DEPARTMENT OF CHILDREN AND FAMILY SERVICES

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

     On July 23, 2021, I served the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 USC §§ 1441(a) and 1446(a)-(b), BY DEFENDANT COUNTY OF LOS ANGELES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 23, 2021, in Burbank, California.

                                        /s/ Lynda Kerekesh

                                        Lynda Kerekesh

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

n:\files\2469-galdamez (cola)\pleadings\removal\p-ntc of removal - fedab (004).docx

# SERVICE LIST

**RE:** <u>The Estate of Yaeli Mozzellle Galdamez v. County of Los Angeles</u>

Case No.:

Vincent W. Davis
Law Offices of Vincent W. Davis & Associates
150 N. Santa Anita Ave., Suite 200
Arcadia, CA 91006
T: 626-446-6442
F: 626-446-6454
E: v.davis@vincentwdavis.com

**Attorneys for Plaintiffs,
THE ESTATE OF YAELI
MOZZELLE GALDAMEZ aka
ANDREW GALDAMEZ/ANDREW
ELIJAH MARTINEZ and SILVA
ABIGAIL MARTINEZ**

Karine Mkrtchyan, Esq.
Daniel K. Dik, Esq.
Fraser, Watson & Croutch, LLP
100 W Broadway Ste 650
Glendale, CA 91210
Phone: 818-543-1380
kmkrtchyan@fwcllp.com
ddik@fwcllp.com

**Attorney for Co-defendant
Pomona Valley Hospital**