**O**
**JS-6**

# United States District Court
# Central District of California

THE ESTATE OF YAELI MOZZELLE
GALDAMEZ, et al.,

                Plaintiffs,

     v.

COUNTY OF LOS ANGELES, et al.,

                Defendants.

Case № 2:21-CV-05971-ODW (MRWx)

**ORDER GRANTING IN PART
DEFENDANTS' MOTIONS TO
DISMISS [9] [10] [38] AND
REMANDING CASE**

## I.      INTRODUCTION

The Estate of Yaeli Mozzelle (Andrew) Galdamez and Galdamez's mother, Silvia Abigail Martinez (together, "Plaintiffs"), bring this action for wrongful death, medical malpractice, and civil rights violations.  Defendants County of Los Angeles ("County"), Pomona Valley Hospital Medical Center ("Pomona Valley" or "PVH"), and Dr. Kalpesh Bhavsar, M.D. each move to dismiss.[1]  For the reasons discussed below, the Court **GRANTS** the Motions **IN PART** by dismissing the federal claims, **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims, and **REMANDS** the action to the Los Angeles Superior Court.[2]

---

[1] The County is sued as "County of Los Angeles by and through Department of Children and Family Services"; Dr. Bhavsar is erroneously sued as "Dr. Kalpesh Bhavar, M.D."  (*See* Compl.)

[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

The following facts are drawn from Plaintiffs' Complaint, unless otherwise noted, and only well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In April 2016, when Andrew Galdamez (then known as Yaeli) was approximately sixteen years old,[3] Los Angeles County Department of Child and Family Services ("DCFS") removed Galdamez from Martinez's home based on allegations that Martinez struck him.  (Compl. ¶¶ 2–3.)  While in DCFS's care and custody, Galdamez, who had been born female, expressed his need to transition from female to male.  (*Id*. ¶ 4.)  DCFS employees "failed to address [Galdamez's] special needs" during the transition process and failed provide "readily available" counseling and guidance services from the LGBTQ community to support Galdamez's transition.  (*Id*. ¶¶ 4–5, 8.)

On June 7, 2019, at the age of nineteen, Galdamez was admitted to Pomona Valley after he accidentally overdosed on Tylenol and Advil; he "den[ied] any suicidal intent."  (*Id*. ¶ 9.)  He remained hospitalized for three days on a statutory welfare hold under the care of Dr. Bhavsar and others.  (*Id*. ¶ 10.)  Bhavsar ultimately found that Galdamez was no longer a threat to himself or others, and another Pomona Valley doctor cleared Galdamez for discharge on June 9, 2019.  (*Id*. ¶ 11.)  In treating and discharging Galdamez, Bhavsar and other Pomona Valley personnel failed to provide Galdamez with proper treatment and follow-up care.  (*Id*. ¶¶ 11, 13.)

Approximately three months later, on September 4, 2019, Galdamez accessed Union Pacific Railroad ("UPR") grounds and took his life by walking into the path of an oncoming train operated by Metropolitan Transportation Authority ("MTA").  (*Id*. ¶ 14.)  After Galdamez was discharged and until his death on September 4, 2019, DCFS personnel "failed to properly supervise" Galdamez's case.  (*Id*. ¶ 16.)

---

[3] The Complaint inconsistently alleges that Galdamez was born in April 2000 and was fourteen years old in April 2016 when DCFS took custody.  (*See* Decl. Avi Burkwitz Ex. A ("Compl.") ¶¶ 2–3, ECF No. 1-2.)  This inconsistency is irrelevant for purposes of resolving this Motion.

On September 4, 2020, Martinez initiated this action in the Los Angeles Superior Court, individually on her own behalf, on behalf of Galdamez's Estate, and also as his successor in interest. (*See id.* ¶¶ 23–24.) The Complaint includes nine causes of action asserted against the County, Pomona Valley, Bhavsar, UPR, MTA, and additional DCFS and healthcare personnel: (1) negligence (wrongful death), against all Defendants; (2) failure to protect from harm in violation of the Fourteenth Amendment, 42 U.S.C. § 1983, against all Defendants; (3) medical malpractice, against the County, Pomona Valley, and certain individuals; (4–6) negligence, against the County, UPR, and MTA, respectively; (7) loss of consortium, against all Defendants; (8) negligent supervision, training, hiring and retention, against all Defendants; and (9) "*Monell*-Related claims," against the County. (*Id.* ¶¶ 39–188.) The County was served on June 24, 2021, and timely removed the case to this Court based on federal question jurisdiction over the second and ninth causes of action. (Notice of Removal ("NOR") 2–4, ECF No. 1.) All Defendants except the County, Pomona Valley, and Bhavsar have now been dismissed either voluntarily, (Order Dismissing MTA, ECF No. 34), or involuntarily due to Plaintiffs' failure to serve them, (Min. Order, ECF No. 48).

The three remaining Defendants—the County, Pomona Valley, and Bhavsar ("Defendants")—move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim ("Motions"). (*See* County Mot., ECF No. 9; PVH Mot., ECF No. 10; Bhavsar Mot., ECF No. 38.) Plaintiffs timely opposed the County's and Bhavsar's Motions. (*See* Opp'n County, ECF No. 27; Opp'n PVH, ECF No. 35; Opp'n Bhavsar, ECF No. 43.)[4]

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal

---

[4] Plaintiffs' Opposition to Pomona Valley's Motion was five days late and the Court therefore does not consider it. (Opp'n PVH, ECF No. 35); *see* C.D. Cal. L.R. 7-12. Regardless, nothing in Plaintiffs' untimely Opposition would alter the Court's disposition of the Motions.

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Detailed factual allegations are not required, but a complaint with "a formulaic recitation of the elements" or "naked assertions devoid of further factual enhancement" does not suffice. *Id.* (internal alteration and quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

# IV.   DISCUSSION

Two of Plaintiffs' nine causes of action arise under federal law: Claim Two, arising under § 1983, brought against all Defendants for violation of the Fourteenth Amendment; and Claim Nine, for "*Monell*-Related claims," arising under § 1983 and brought against the County only.  (Compl. ¶¶ 76–96, 184–88.)   In first considering Plaintiffs' two federal claims, the Court finds that neither the Estate nor Martinez as an individual is a proper plaintiff here and, in any event, both federal claims are defective.  The Court therefore dismisses the federal causes of action.  The remaining seven claims arise under state law and accordingly rely on supplemental subject matter jurisdiction.   The Court declines to exercise supplemental jurisdiction over these state law claims and remands the case accordingly.

## A.   Proper Plaintiff(s)

As a threshold issue, the Complaint does not specify which Plaintiff brings Claims Two and Nine.   Martinez alleges she brings the suit in three capacities: "for herself personally, as [Galdamez]'s successor in interest and heir, [and] as the personal representative of the [E]state."  (*Id.* ¶ 24.)  However, Plaintiffs concede that Martinez may not pursue this action as the personal representative of the Estate, as she has not obtained authority from the Probate Court to act on the Estate's behalf.  (*See* Opp'n County 7.)   Thus, the question becomes whether Martinez may pursue the claims (1) as Galdamez's successor in interest and heir and (2) personally on her own behalf.

First, under California law, the successors in interest of an individual killed as a result of a constitutional violation may assert a § 1983 claim on the decedent's behalf. Cal. Civ. Proc. Code § 377.30; 42 U.S.C. § 1988(a); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).  Martinez is Galdamez's mother and successor in interest under the law.  *See* Cal. Civ. Proc. Code § 377.11, Cal. Prob. Code § 6402.   Thus, Martinez may assert Claims Two and Nine as Galdamez's successor in interest and heir based on the alleged violations of Galdamez's constitutional rights accruing before his death.  *See Tatum*, 441 F.3d at 1093 n.2.

As for Martinez's ability to bring suit in a personal capacity, however, "constitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973).  While the Complaint might ultimately support claims for violation of *Galdamez's* personal constitutional rights, it provides no plausible inference that *Martinez* suffered any personal constitutional injury.  (*See* Compl. ¶¶ 82, 185.)  Accordingly, to the extent Martinez seeks to assert these claims personally, on her own behalf, they fail.

Claims Two and Nine are therefore dismissed to the extent they are brought on behalf of the Estate or by Martinez personally.  Accordingly, the Court considers Claims Two and Nine as asserted only by Martinez in her capacity as Galdamez's successor in interest and heir.

**B.     42 U.S.C. § 1983—Claims Two and Nine**

Martinez brings Claim Two against the County, Pomona Valley, and Bhavsar pursuant to § 1983, for "Failure to Protect from Harm in Violation of the Fourteenth Amendment."  (*Id.* ¶¶ 76–96.)  Martinez brings Claim Nine, entitled "*Monell*-Related Claims," against only the County.  (*Id.* ¶¶ 184–88); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (holding that local governing bodies can be sued under § 1983).  Martinez grounds these claims on allegations that Defendants failed to have minimally necessary policies and procedures for treating and supervising Galdamez; she contends the County is derivatively liable for the negligence and failures of its employees.  (*See id.* ¶¶ 76–96, 184–88; Opp'n County 8.)

To state a claim under § 1983, plaintiffs must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (rearticulating these elements).  A plaintiff may not hold a local governmental unit liable under § 1983 solely for the acts of its employees under a "respondeat superior" theory of liability, and instead must show that a municipal policy or custom caused the

constitutional injury. *Monell*, 436 U.S. at 690–92; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (discussing and applying *Monell*).

Claims Two and Nine fail as against Pomona Valley and Bhavsar because these two Defendants are not state actors and did not act under color of state law. These two claims also fail as against the County because there is no vicarious municipal liability under § 1983 and no policy or custom is alleged to have caused a constitutional injury.

### 1.    *Acting under Color of State Law*

A defendant has acted under color of state law where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). For instance, a state employee is a state actor when he "acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* Private parties are generally not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).[5]

Martinez does not allege Pomona Valley is a state actor but instead "a not-for-profit independent organization." (Compl. ¶ 27; *see also* PVH Reply 3, 7, ECF No. 36 (noting Pomona Valley is a non-profit private hospital, "not a government agency").) Likewise, Martinez does not allege that Bhavsar is a state actor but instead a staff member and psychiatrist affiliated with multiple hospitals, including Pomona Valley, and sued in his individual capacity. (Compl. ¶ 28.) Furthermore, Martinez does not oppose Bhavsar's argument that he is not a state actor, and thereby concedes the issue. (*See* Bhavsar Mot. 9–10 (arguing "Bhavsar is neither a state employee nor was he acting under the color of state law"); *see generally* Opp'n Bhavsar.) As neither Pomona Valley nor Bhavsar acted under color of state law, **Claim Two is dismissed as against Pomona Valley and Bhavsar**.

---

[5] Plaintiffs raise none of the limited exceptions to this general rule, *see Price*, 939 F.2d at 708–09, and have therefore waived them.

Martinez affirmatively alleges that Pomona Valley and Bhavsar are private parties and fails to raise any exception to the general rule that private parties are not state actors, in the Complaint or in opposing the Motions.  She has therefore waived such a theory.  *See Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) ("Failure to oppose constitutes a waiver or abandonment of the issue.").  Consequently, no additional facts consistent with the Complaint could possibly cure this deficiency, *Schreiber Distrib. Co*, 806 F.2d at 1401, and this dismissal is therefore **without leave to amend**.

### 2.    *Municipal Liability under § 1983*

Martinez alleges in Claims Two and Nine that the County failed to have minimally necessary policies and procedures with respect to treating Galdamez.  (*See* Compl. ¶¶ 76–96, 184–88.)  She also alleges that two specific County employees "failed to provide necessary medical treatment."  (*See id.* ¶ 84.)  Martinez argues the County can be "derivatively liable for the negligent acts or omissions of its employees within the scope of their employment," and "liable as Supervisors . . . for the actions of their subordinates."  (Opp'n County 8.)  Martinez conflates the rules for derivative liability for negligence with the rules for municipal liability under § 1983.

It is well established that a local governmental unit may not be held liable under § 1983 for the torts of its employees.  *See Monell*, 436 U.S. at 691–92.  Thus, here, Martinez's allegations that certain County employees "failed to provide necessary medical treatment" are insufficient to create liability against the County.  To assert a § 1983 claim against the County for a constitutional violation, Martinez "must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the" County.  *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).  However, Martinez's consistent, repeated allegations that the County did not have policies in place to treat Galdamez

establish only the *absence* of any policy, and effectively defeat the notion that any County policy caused a constitutional deprivation here.

Finally, a "policy of inaction" may qualify as a municipal policy within the meaning of *Monell*. *See Brown v. Lynch*, 831 F.3d 1146, 1152 (9th Cir. 2016). However, under this theory, Martinez must demonstrate that the alleged policy of inaction which caused the constitutional injury "was adhered to with 'deliberate indifference to the constitutional rights of [the County's] inhabitants.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (quoting *City of Canton*, 489 U.S. at 392); *see also Connick*, 563 U.S. at 61 ("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." (internal quotation marks omitted)). Nothing in the Complaint suggests that the County's provision of care to Galdamez was the result of any policy of inaction or deliberate indifference towards his constitutional rights, or that the County disregarded a known or obvious consequence regarding a failure to act. The mere fact that the County may have failed to act with respect to Galdamez does not, without more, establish a municipal policy of inaction. *See Brown*, 831 F.3d at 1152 (affirming rejection of "policy of inaction" theory where the plaintiff failed to establish that policymakers were aware of the constitutional risks posed by a failure to act). More is required to establish *Monell* liability.

Martinez simply does not allege facts establishing that the County had any policy or custom, of action or inaction, which led to a constitutional deprivation, and all well-pleaded allegations support the absence of any policy. Accordingly, there is no basis consistent with the Complaint to find the County liable under § 1983 and **Claims Two and Nine against the County are dismissed without leave to amend**.

## C.   Supplemental Jurisdiction

"A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotation marks

omitted); 28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims . . . .").   Claims Two and Nine provide the only basis for original jurisdiction.  As these claims have been dismissed, the Court to declines to exercise supplemental jurisdiction over the remaining state law claims and remands this action to state court.  Accordingly, to the extent Defendants move for dismissal of the state law claims, the Motions are **DENIED without prejudice**.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions **in part** by **DISMISSING without leave to amend** Claim Two against Pomona Valley and Bhavsar, and Claims Two and Nine against the County.  (ECF Nos. 9, 10, 38.)  The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims and therefore **DENIES** the remainder of the Motions **without prejudice**.  The Court **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, 312 North Spring Street, Los Angeles, California, 90012, Case No. 20STCV33881.  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 14, 2022

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**